# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN M. GALVAN, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>J.C.H. ENTERPRISES, INC. d/b/a JCH WIRE & CABLE; JIM HINSHAW, an individual; DOES I through X, inclusive,<br><br>        Defendants.<br>_____<br>J.C.H. ENTERPRISES, INC. d/b/a JCH WIRE & CABLE,<br><br>        Counterclaimant,<br><br>    vs.<br><br>BRYAN M. GALVAN, an individual,<br><br>        Counterdefendant. | Case No.: 2:11-cv-00307-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#) |

Before the Court is Plaintiff/Counterdefendant Bryan M. Galvan's **Motion to Dismiss** (#9, filed Mar. 24, 2011) based on a lack of subject matter jurisdiction or, alternatively, for failure to state a claim. The Court has also considered Defendant/Counterclaimant J.C.H. Enterprises, Inc.'s ("JCH") Opposition (#12, filed Apr. 15, 2011), and Galvan's Reply (#18, filed May 9, 2011).

1

AO 72
(Rev. 8/82)

**BACKGROUND**

This dispute arises out of Galvan's employment at JCH. Galvan filed suit in the Eighth Judicial District Court for the State of Nevada on January 13, 2011, alleging: (1) race discrimination in violation of 42 U.S.C. § 1981, (2) retaliation in violation of 42 U.S.C. § 1981, (3) assault, and (4) battery. Galvan has since amended his complaint to also allege Title VII discrimination claims after receiving his right-to-sue letter from the Equal Employment Opportunity Commission. Essentially, Galvan alleges that he was denied certain commissions, demoted, and otherwise mistreated because of his race. He also alleges that Jim Hinshaw, the owner of JCH, attempted to punch him in the face and ended up hitting him in the shoulder/neck. JCH counterclaims, alleging: (1) unjust enrichment, (2) conversion, (3) intentional misrepresentation, and (4) negligent misrepresentation. Essentially, JCH claims that Galvan inflated his commission numbers causing JCH to overpay him on at least three separate occasions. JCH claims to have not discovered these payment discrepancies until after this lawsuit was filed.

Now before the Court is Galvan's motion to dismiss JCH's counterclaims. Galvan argues both that this Court lacks supplemental jurisdiction over the counterclaims and that they were insufficiently pled. For the reasons discussed below, the Court grants the motion in part and denies it in part.

**DISCUSSION**

**I.     Subject Matter and Supplemental Jurisdiction**

  **A.     Standard**

"In this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction—that is the power—to adjudicate the dispute." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998). The purpose of a complaint is two-fold: to give the defendant fair notice of the basis for the court's jurisdiction and of the factual basis of the claim. *See* Fed. R. Civ. P. 8; *Skaff v. Meridien North Am. Beverly Hills, LLC.*, 506 F.3d 832, 843 (9th Cir. 2007). Rule 12(b)(1) of the Federal Rules of

Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Pursuant to § 1367(a), district courts have supplemental jurisdiction over all other claims in a civil action that are so related to claims in the action for original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a) (2006); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.") The Supreme Court has stated "that '1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction' and cautioned against fashioning limitations on that grant without support in the statutory text." *United States v. Park Place Assocs.*, 563 F.3d 907, 933 (9th Cir. 2009) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005)). Thus, if state law claims are sufficiently related to the claims over which the Court has original jurisdiction, the Court may exercise supplemental jurisdiction.

**B.     Analysis**

Galvan argues that JCH's counterclaims are not sufficiently related to Galvan's own claims for the Court to exercise supplemental jurisdiction over them. The Court disagrees. Galvan brings various claims, including claims alleging that he was not paid commissions that

3

1    JCH owed him.  The essence of JCH's claims are that Galvan obtained commissions from JCH
2    that JCH did not owe him.  While the underlying reasons for these claims (Galvan alleges he was
3    discriminated against and JCH simply alleges unjust enrichment and fraud type claims) are
4    substantively different, the underlying facts and events show that these claims are interrelated and,
5    thus, make a single case.  Also, these claims would normally be tried together since the result of
6    either case may affect the other.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725
7    (1966) ("if, considered without regard to their federal or state character, a plaintiff's claims are
8    such that he would ordinarily be expected to try them all in one judicial proceeding, then, . . . ,
9    there is power in federal courts to hear the whole.")  Specifically, a jury award for Gavan on his
10   employment discrimination claims on whether he was paid what he was owed could be affected by
11   a jury award for JCH on its claims that it overpaid Gavan.  The fact that JCH did not become
12   aware of Galvan's alleged unjust enrichment, conversion, and misrepresentations until after
13   Galvan had filed suit is immaterial to whether the claims evolve from a common nucleus of
14   operative fact.  Thus, the Court shall exercise supplemental jurisdiction over JCH's counterclaims.

15   **II.    Failure to State a Claim**

16       **A.    Legal Standard**

17           A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
18   relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short
19   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
20   8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require
21   detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic
22   recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)
23   (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise
24   above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a
25   complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
26   face."  *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

AO 72
(Rev. 8/82)

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.    Analysis**

    **i.    Unjust Enrichment**

JCH adequately pleads claims for unjust enrichment. "Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). To state a valid claim for unjust enrichment, a plaintiff must allege: (1) plaintiff conferred a benefit on defendant, (2) defendant appreciated such benefit, and (3) defendant accepted and retained the benefit. *Topaz Mutual Co. v. Marsh*, 839 P.2d 606, 613 (1992) (citation omitted). However, where there is an express contract, an unjust enrichment claim is unavailable. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, Gavan claims that JCH has failed state sufficient facts for an unjust enrichment claim and could not bring such a claim anyway because an express contract exists. The existence (and scope) of this claimed contract may be relevant on summary judgment, but it is

1  not relevant in this motion to dismiss because the contract is not alleged in the complaint.  Thus,
2  the Court will not go beyond the complaint to consider the existence of this contract and whether
3  JCH can bring this claim.  Further, Gavan has otherwise stated sufficient factual matter raising this
4  claim beyond the merely speculative.  Specifically, JCH alleges that Gavan submitted documents
5  claiming he was entitled to certain payments from JCH and received those payments even though
6  he was not actually entitled to those payments.  This is sufficient to state a claims for unjust
7  enrichment.

### ii.    Conversion

JCH adequately pleads a claim for conversion.  Conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (citing *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958).  Furthermore, conversion is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge.  *Evans*, 5 P.3d at 1048; *Bader v. Cerri*, 609 P.2d 314, 317 n.1 (Nev. 1980).  Here, the same allegations tending to show a claim for unjust enrichment are sufficient to make out a claim for conversion.

### iii.    Intentional Misrepresentation

Misrepresentation is a form of fraud where a false representation is relied upon in fact.  *See Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 871 (Nev. 1980).  Fraud claims must meet a heightened pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994).  Here, JCH has sufficiently pled its claim for intentional misrepresentation by setting out the dates of the

commission payment, the amount, the reason the payments were allegedly wrongful, and the identity of the parties involved.

### iv. Negligent Misrepresentation

JCH fails to plead a claim for negligent misrepresentation. In *Barmettler v. Reno Air, Inc.*, the Nevada Supreme Court adopted the Restatement (Second) of Torts § 552 definition of negligent misrepresentation as follows:

> "One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

956 P.2d 1382, 1387 (Nev. 1998). JCH alleges that the payment of his employees is a business or commercial transaction. And while this makes some logical sense, paying employees is part of business of course, it is not the type of commercial transaction contemplated by the *Barmettler* court or the Restatement. The *Barmettler* court expressly held that the tort was inapplicable to a supposed misrepresentation as to how an employee policy would be managed. This situation, management of a commission schedule, is similar and the tort is inapplicable here as well.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Galvan's Motion to Dismiss (#9) is GRANTED in part and DENIED in part as follows:

- JCH's negligent misrepresentation claim is dismissed,
- All other counterclaims remain.

Dated: September 26, 2011.

_____
ROGER L. HUNT
United States District Judge

7